UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TYLER NATHANIEL MILLS,

Petitioner,

v.

ROBERT MUNDT, Warden,

Respondent.

Civil No. 01-2275 (JRT/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is an inmate at the Federal Correctional Institution in Waseca, Minnesota. He was sentenced to federal prison by the United States District Court for the Eastern District of Wisconsin, after he pled guilty to "mailing threatening communications in violation

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

DEC 13 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of 18 U.S.C. § 876." (Petition, [Docket No. 1], p. 1, ¶s 2-3.) Petitioner's sentence, which was imposed on September 29, 1999, included a 46-month term of imprisonment, to be followed by three years of supervised release. The sentence also specifically provided, as a condition of supervised release, that:

> "After release from imprisonment the defendant is to reside for the first 90 days in a community correctional center upon the first available vacancy. The defendant is to obey the rules of that facility."

(Id., ¶ 4.)

Petitioner expects to get out of prison and begin his term of supervised release on December 28, 2001. (Id., p. 2, ¶ 7.) Pursuant to the terms of the sentence imposed by the trial court, after Petitioner is released from prison, he will have to "reside for the first 90 days in a community correctional center upon the first available vacancy." However, Petitioner does not want to go to a community correctional center when he is released from prison; he wants to live with his sister instead.

In his current application for habeas corpus relief, Petitioner claims -- apparently for the first time -- that the trial court had no legal authority to require him to spend time in a community correctional center as a condition of supervised release. He contends that the statute governing conditions of supervised release, 18 U.S.C. § 3583(d), does not refer to community correctional centers, and thus federal courts cannot require a convicted criminal to be placed in such a center as a condition of supervised release.

According to Petitioner, the trial court committed a legal error at sentencing by requiring him to serve 90 days in a community correctional center as a condition of supervised release. He is now asking to have that part of his sentence vacated, so that he will not have to go to a community correctional center when he gets out of prison. For the

reasons discussed below, the Court concludes that such relief cannot be granted .

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

Petitioner's present § 2241 petition clearly challenges the validity of the sentence imposed by the trial court. He claims that the trial court erred at sentencing, and that his original sentence should now be modified. Because Petitioner is bringing a collateral challenge against his original sentence, his petition is subject to § 2255's exclusive remedy rule. This means that his current claim can be entertained only in a § 2255 proceeding in the trial court, and not in a § 2241 proceeding in the district where he is now confined.

In some cases, a § 2241 petition that is barred by § 2255's exclusive remedy rule can simply be construed as a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255, because the one-year statute of limitations for § 2255 motions has already expired. 28 U.S.C. § 2255 [ ¶ 6 ]. Any § 2255 motion that might now come before the trial court would be time-barred, and subject to summary dismissal. Therefore, it would serve no useful purpose to construe the instant habeas corpus petition as a § 2255 motion, and transfer the matter back to the trial court judge in the Eastern District of Wisconsin.

Petitioner might think that because he is now time-barred from seeking relief under § 2255, he should be eligible for relief under § 2241. He might think that the remedy provided by § 2255 has become "inadequate or ineffective to test the legality of his detention," (because the statute of limitations has expired), so he should now be able to challenge his conviction in a § 2241 habeas corpus proceeding. Such reasoning, however, must be rejected.

The statute of limitations applicable to § 2255 motions would be rendered meaningless if any prisoner who was time-barred from seeking relief under § 2255 could simply contend that the remedy provided by § 2255 was "inadequate or ineffective," and that he was therefore entitled to challenge his conviction or sentence in a § 2241 habeas corpus action. Congress could not have intended to make it so easy to evade the statute of limitations that it enacted. Indeed, our Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second

or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted; emphasis added).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his current challenge to his sentence by filing a direct appeal, or by filing a timely § 2255 motion in the trial court. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he waited too long to raise his claim and he is no longer eligible for relief under that statute.

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's application for habeas corpus relief challenges the legality of the sentence imposed by the trial court, (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is time-barred from seeking relief under § 2255; and (4) Petitioner's current ineligibility for § 2255 relief does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule. Based on these determinations, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and this action must be

summarily dismissed.[2]

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application To Proceed Without Prepayment Of Fees, (Docket No. 2), be DENIED; and

2. Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241, (Docket No. 1), be SUMMARILY DISMISSED.

Dated: December 17, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

---

[2] Although the merits of Petitioner's current claim cannot be reached, for the reasons discussed herein, it should nevertheless be noted that Petitioner's claim undoubtedly would fail if it were addressed on the merits. The Ninth Circuit Court of Appeals has considered -- and rejected -- exactly the same argument that Petitioner is attempting to raise here. United States v. Bahe, 201 F.3d 1124 (9th Cir.), cert. denied, 531 U.S. 1027 (2000). There is no reason to believe that the Minnesota District Court, (or the District Court for the Eastern District of Wisconsin), would decline to follow Bahe, if the merits of Petitioner's claim were reachable.

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by Jan. 3, 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.